IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BILLY MAX COLLINS | § | |
| VS. | § | CIVIL ACTION NO. 5:18cv46 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Billy Max Collins, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for driving while intoxicated.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation, as well as amended objections. The court must therefore conduct a *de novo* review of the objections in light of the record and the applicable law.

Petitioner asserted the following grounds for review: (1) he was denied his right to present a claim of ineffective assistance of counsel at trial and in connection with his state application for writ of habeas corpus; (2) he was denied the right to retained counsel of his choice at trial; (3) he received ineffective assistance of counsel at trial; (4) his conviction was based on a void indictment and (5) the trial court erred by not conducting a competency hearing. Petitioner only objects to the Magistrate Judge's conclusions regarding his second, third, fourth and fifth grounds for review.

***Second Ground for Review***

Prior to trial, the trial court denied a *pro se* motion requesting a continuance. Petitioner asserts this denial deprived him of the right to be represented by his counsel of choice. He was dissatisfied with

the attorneys appointed to represent him. He states that since he did not have adequate notice of his case being scheduled for trial, the attorney he wanted to represent him was not ready to proceed.

Petitioner raised this ground for review on direct appeal. The intermediate appellate court found petitioner's contention to be without merit based upon petitioner's not having retained counsel on the day before the trial was scheduled to start and the fact that petitioner requested a continuance of between six months and a year. The Magistrate Judge concluded that in light of the lengthy delay requested and petitioner's failure to have retained counsel, the rejection of this ground for review by the intermediate appellate court was not contrary to, or an unreasonable application of, clearly established federal law. Pursuant to 28 U.S.C. § 2254(d), a federal habeas court may not grant relief with respect to a ground for review that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as established by the Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. In his objections, petitioner states that being denied his counsel of choice entitles him to an automatic reversal. However, he makes no attempt to argue why the conclusion reached by the intermediate appellate court was incorrect. The Court agrees with the Magistrate Judge. In light of the length of the delay sought by petitioner and his failure to have actually retained alternate counsel, the conclusion by the state courts that the denial of petitioner's motion for a continuance did not improperly deprive him of the counsel of his choice was not contrary to, or an unreasonable application of clearly established federal law.

### Third Ground for Review

Petitioner further asserts he received ineffective assistance of counsel at trial. He states counsel was not board certified in criminal law and did not have sufficient knowledge to handle his case. He states his lack of knowledge prevented counsel from being aware his prior convictions were void, which would have provided grounds to have his indictment quashed.

Petitioner also asserted this ground for review on direct appeal. The intermediate appellate court, after explaining why petitioner's prior convictions were not void and were therefore properly used to

support petitioner's conviction, concluded counsel was not ineffective. The Magistrate Judge agreed, finding that counsel's failure to object to the use of petitioner's prior conviction was not objectively unreasonable and did not cause petitioner to suffer prejudice.[1]

In his objections, petitioner merely states his counsel practiced unemployment law and was not board certified in criminal law. However, petitioner does not cite a Supreme Court decision requiring that an attorney be board certified in criminal law in order to represent a criminal defendant. As a result, and for the reasons describe by the intermediate appellate court, the rejection of this ground for review by the state courts was not contrary to, or an unreasonable application of, clearly established federal law.

***Fourth Ground for Review 4***

In his fourth ground for review, petitioner asserts his indictment was void because his two prior convictions for driving while intoxicated could not properly be used to make his current offense a felony and that one of his prior convictions was improperly used to both make his current offense a felony and to increase his punishment.

The Magistrate Judge, based on the intermediate appellate court's finding that the prior convictions were sufficient under state law to permit the current offense to be tried as a felony, as well as its finding that the same conviction was not used both to make his current offense a felony and to increase his punishment, found this ground for review to be without merit. In his objections, petitioner only restates that his indictment was void and that one of his prior conviction was used both to provide a basis for felony jurisdiction and enhance his sentence.

The Court disagrees. The intermediate appellate court clearly explained why petitioner's prior convictions were sufficient to provide the court with felony jurisdiction over the current offense. Petitioner asserts a 2006 conviction was used to both provide felony jurisdiction and enhance his punishment. However, the record establishes convictions from 1990 and 1997 were used to make the current offense a felony. As a result, the 2006 conviction could be used to enhance petitioner's

---

[1] To establish a claim of ineffective assistance of counsel, a petitioner must show counsel's performance was objectively unreasonable and that counsel's performance caused petitioner to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

sentence. This ground for review is therefore without merit.

### *Fifth Ground for Review*

Finally, petitioner contends the trial court erred by failing to conduct a mental evaluation and competency hearing despite his *pro se* motion for a continuance. In the motion, petitioner stated that in addition to needing additional time to hire counsel, he needed to seek an evaluation as to whether his past experiences had caused him mental distress.

A competency hearing is required when the trial court has information which reasonably raises a doubt about a defendant's competency and whether he can understand the proceedings and rationally assist his counsel in his defense. *Roberts v. Dretke*, 381 F.3d 491, 497 (5th Cir. 2004). The trial court did conduct a hearing concerning the motion for a continuance. The Magistrate Judge concluded that based on the record of that hearing, and the trial court's opportunity to observe petitioner prior to trial, the trial court did not err by concluding petitioner had not reasonably raised a doubt about his competency, his ability to understand the proceedings, or his ability to assist in his own defense. As a result, the trial court was not required to conduct a separate competency hearing.

In his objections, petitioner states the trial court had no right to decide his mental competence. However, the record reflects that while the trial court observed petitioner might be under stress, the court had no doubt as to whether he was in his right mind. In addition, petitioner admitted that he had been able to communicate with his attorneys regarding his legal issues. Based on the record before it, the trial court was not required to convene a separate hearing regarding petitioner's mental competency.

### ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and the conclusions of law of the Magistrate Judge are correct and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the Court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a certificate of appealability is issued. *See* U.S.C.

§ 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions raised are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding the issuance of a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that the issue of whether his claims are meritorious is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So ORDERED and SIGNED this 22nd day of February, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE